\* E-Filed 4/12/10\*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BILLY D. ANDERSON, | No. C 10-0134 RS (PR) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| HIGH DESERT STATE PRISON, | |
| Defendant. | |

## INTRODUCTION

This is a federal civil rights action filed pursuant to 42 U.S.C. § 1983 by *pro se* plaintiff Billy D. Anderson.

## BACKGROUND

Plaintiff contends that there was no evidence to support his conviction for receiving stolen property. Plaintiff also contends that his sentence should have been sixteen months or two or three years, rather than the 137 years he received.

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and

dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id*. § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting Twombly, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Because plaintiff challenges the fact and length of his incarceration, his success in this action could affect the length of his confinement and thus may only be raised in a petition for a writ of habeas corpus. *See Calderon v. Ashmus*, 523 U.S. 740, 747 (1998) (any claim by a prisoner attacking the validity or duration of his confinement must be brought in a habeas petition).

Accordingly, plaintiff's action is DISMISSED WITHOUT PREJUDICE because his claim may only be raised in a petition for a writ of habeas corpus. Within 30 days of the date of this order, plaintiff may file a federal habeas petition in which alleges his constitutional claims. It appears that plaintiff received the conviction and sentence he is challenging in the San Luis Obispo Superior Court. If this is true, plaintiff must file his federal habeas petition in the U.S. District Court for the Central District of California, where

venue is proper.

Plaintiff's motions to proceed *in forma pauperis* (Docket Nos. 4 & 7) are GRANTED, good cause appearing therefor.

The Clerk of the Court shall send plaintiff a blank § 2254 habeas petition form.

This order terminates Docket Nos. 4 & 7.

The Clerk shall enter judgment in favor of defendant, terminate all pending motions, and close the file.

**IT IS SO ORDERED**.

DATED: April 8, 2010

_____
RICHARD SEEBORG
United States District Judge

**THIS IS TO CERTIFY THAT A HARD COPY OF THIS ORDER WAS MAILED TO:**

Billy D. Anderson
G57946
High Desert State Prison
P.O. Box 3030
B1-113
Susanville, CA 96127-3030

DATED: 04/12/2010

s/ Chambers Staff
Chambers of Judge Richard Seeborg

* Counsel are responsible for distributing copies of this document to any co-counsel who have not registered with the Court's electronic filing system.